Robert Fish (California State Bar No. 149711)
Email: rfish@fishIPlaw.com
Mei Tsang (California State Bar No. 237959)
Email: mtsang@fishIPlaw.com
Andrew Mar (California State Bar No. 251587)
Email: amar@fishIPlaw.com
Fish & Associates, PC
2603 Main Street., Suite 1050
Irvine, California 92614-6232
Telephone: 949-253-0944
Facsimile: 949-253-9069

**MADE JS-6**

Attorneys for Plaintiffs (239)
Michael Marrin, and Etch-It Inc.

Attorneys for Defendants (2100)
Heidi Marrin, Michael Marrin, and Etch-It, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL MARRIN, an individual; and ETCH-IT, INC., a California corporation,<br><br>        Plaintiffs (239)<br><br>        v.<br><br>JEFFREY GRIFFIN, an individual, and CLAUDIA GRIFFIN, an individual<br><br>        Defendants (239)<br>JEFFREY GRIFFIN, an individual, and CLAUDIA GRIFFIN, an individual<br><br>        Plaintiffs (2100)<br><br>        v.<br><br>HEIDI MARRIN, an individual ; MICHAEL MARRIN, an individual; and ETCH-IT, INC., a California corporation,<br><br>        Defendants (2100) | **Case No.:** CV07-239-GW (ANx) and CV07-2100-GW(ANx)<br><br>**SUMMARY JUDGMENT OF PATENT INVALIDITY AND NON-INFRINGEMENT; FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>Honorable George Wu |

This action for summary judgment was brought before the Court, Honorable George Wu, Federal District Court Judge of the Central District of California, presiding, and the issues having been duly tried and the Court having made separate findings of fact and conclusions of law granting Michael and Heidi Marrin's ("the Marrins) and Etch-It, Inc.'s Motion for Summary Judgment, and the Court having ruled on the remaining causes of action not expressly addressed by the cross-summary judgment motions,

IT IS SO ORDERED AND ADJUDGED:

1. That claims 1-4, of US5154448 ("the '448 patent") are invalid under 35 U.S.C. §102(b) as being anticipated by one or more of US4241943 to Malinovitz, US4637635 to Levine, US2523650 to Dickson, US4095824 to Bachman, US4508513 to Donovan, US4900617 to Smith, US4299637 to Oberdeck, and US4536218 to Gamho.
2. That claims 1-4 of the '448 patent are not infringed by virtue of invalidity of the '448 patent.

Dated at Los Angeles, California, this 4th day of September, 2008.

By: *George H. Wu*
Hon. George Wu
District Court Judge

# FINDINGS OF FACT

1. The body of claim 1 defines a structurally complete invention. *See* US5154448, C4/L38-48.

2. The preamble language only adds a statement of a purpose or an intended use for the invention: that the scratch-off layer "may be scratched off without the use of a marking implement." *See* US5154448, C4/L35-37.

3. The patentee did not demonstrate clear reliance on the preamble during prosecution to distinguish the claimed invention from the prior art. It was not "clear" from the prosecution history whether the preamble had a direct effect on the PTO changing its position on the patentability of the '448 patent or that the PTO considered the preamble as anything more than highlighting the benefits or features of the device. *See* Prosecution History of US 5154448. Additionally, the language "for permitting a user to write thereon without the use of a marking implement" was only added to the preamble after the claims were already allowed. *Id.*

4. The Griffins conceded in the initial opposition to the Motion for Summary Judgment of invalidity that the instant claims constitute apparatus claims, not method claims. *See* Defendants' Memorandum in Support of their Motion for Summary Judgment, pg. 13 (filed Mar. 21, 2008).

5. The prior art includes US4241943 to Malinovitz, US4637635 to Levine, US2523650 to Dickson, US4095824 to Bachman, US4508513

|   |   |
|---|---|
| 1 | to Donovan, US4900617 to Smith, US4299637 to Oberdeck, and |
| 2 | US4536218 to Gamho. None of those references were cited during |
| 3 | prosecution of the '448 patent. *See* Expert Report of Jennifer |
| 4 | Dochstader, pg. 6-10 & Attachment C (filed Apr. 22, 2008); *See also* |
| 5 | Plaintiffs' Claim Charts Illustrating Invalidity and Non-Infringement, |
| 6 | pg. 5 (filed Jul. 24, 2008); Plaintiffs' Response to Defendants' |
| 7 | Memorandum Regarding Anticipation pg. 11-13 (filed Jul. 31, 2008). |

6. Jeffrey and Claudia Griffin's ("the Griffins") only apparent basis for arguing that their patent claims are not anticipated by the prior art is that the preamble language is an additional claim limitation. *See* Willeford Decl. ¶¶ 23-25, 27-28, 33, 37, 40-41, 45, 49 (filed Apr. 22, 2008).

7. The Griffins only apparent basis for arguing that their patent claims are nonobvious is that the preamble language is an additional claim limitation. *See* Willeford Decl. ¶¶52, 55, 59, 61, 65.

8. The Griffins presented the opinion report of Michael J. Willeford Jr. as evidence that the prior art neither anticipates nor renders the claims obvious. Each of those opinions is based on the presumption that the preamble language is an additional claim limitation. *See* Expert Report of Michael J. Willeford Jr., pg. 6-18 (filed Apr. 29, 2008).

9. The Marrins and Etch-It, Inc. presented the opinion report of Jennifer Dochstader as evidence that the prior art is anticipating and that the preamble language is inherent in the prior art. *See* Declaration of Mark H. Plager in Support Plaintiffs' [*sic*] Supplemental Brief in

|   |     |   |
|---|---|---|
| 1 |     | Support of Motion for Summary Judgment, Exh. 1 at 6-10 & |
| 2 |     | Attachment C (filed Mar. 10, 2008). |
| 3 | 10. | A person of ordinary skill in the art at the time of the invention would |
| 4 |     | find that any teachings found in the preamble of the claims 1-4 of the |
| 5 |     | '448 patent are disclosed—at least inherently—in three separate |
| 6 |     | instances of prior art: US4241943 to Malinovitz, US4637635 to |
| 7 |     | Levine, and US2523650 to Dickson. *See* Expert Report of Jennifer |
| 8 |     | Dochstader, pg. 6-10 & Attachment C; *See also* Plaintiffs' Claim |
| 9 |     | Charts Illustrating Invalidity and Non-Infringement, pg. 5; Plaintiffs' |
| 10 |    | Response to Defendants' Memorandum Regarding Anticipation, pg. |
| 11 |    | 11-13. |
| 12 | 11. | In view of the above, a person of ordinary skill in the art at the time of |
| 13 |    | the invention would find that the limitations of the body of the claims |
| 14 |    | of the '448 patent are anticipated by one or more of US4241943 to |
| 15 |    | Malinovitz, US4637635 to Levine, US2523650 to Dickson, |
| 16 |    | US4095824 to Bachman, US4508513 to Donovan, US4900617 to |
| 17 |    | Smith, US4299637 to Oberdeck, and US4536218 to Gamho.  *See* |
| 18 |    | Expert Report of Jennifer Dochstader, pg. 6-10 & Attachment C; *See* |
| 19 |    | *also* Plaintiffs' Claim Charts Illustrating Invalidity and Non- |
| 20 |    | Infringement, pg. 5-8; Plaintiffs' Response to Defendants' |
| 21 |    | Memorandum Regarding Anticipation, pg. 11-14. |

## CONCLUSIONS OF LAW

1. "[A] preamble is not limiting 'where a patentee defines a structurally complete invention in the claim body and uses the preamble only to state a purpose or intended use for the invention.'" *Catalina Mktg.*, 289 F.3d 801, 808 (Fed. Cir. 2002) (quoting *Rowe v. Dror*, 112 F.3d 473, 478) The preamble language of claim 1 of the '448 patent is not limiting because the body of the claim defines a structurally complete invention and the preamble language only adds a statement of a purpose or an intended use for the invention.

2. "[P]reamble language merely extolling benefits or features of the claimed invention does not limit the claim scope without clear reliance on those benefits or features as patentably significant." *Catalina Mktg.*, 289 F.3d at 809 (citing *STX, LLC v. Brine, Inc.,* 211 F.3d 588, 591 (Fed. Cir. 2000) The preamble language of claim 1 of the '448 patent is also not limiting because the patentee did not demonstrate "clear" reliance on the preamble during prosecution to distinguish the claimed invention from the prior art.

3. "[T]he patentability of apparatus or composition claims depends on the claimed structure, not on the use or purpose of that structure." *Catalina Mktg. Int'l v. Coolsavings.com, Inc.*, 289 F.3d at 809. "To hold otherwise would effectively impose a method limitation on an apparatus claim without justification." *Id.* at 810. The preamble language of claim 1 of the '448 patent is also not limiting because the

        Griffins conceded in the initial briefing on this motion that the instant claims constitute apparatus claims, not method claims.

4. Since the preamble language is not limiting, and since the Griffins only basis for arguing against anticipation is that the preamble language is an additional limitation, the Griffins have essentially foregone any attempt to disprove the Marrins' and Etch-It, Inc.'s contentions that the patent is invalid due to anticipation.

5. Since the preamble language is not limiting, and since the Griffins' only basis for arguing against obviousness is that the preamble language is an additional limitation, the Griffins have essentially foregone any attempt to disprove the Marrins' and Etch-It, Inc.'s contentions that the patent is invalid due to obviousness.

6. Since the preamble language is not limiting, and since the opinion report of Michael J. Willeford Jr. is based on the presumption that the preamble language is an additional limitation, the opinion report of Michael J. Willeford Jr. is deemed irrelevant with respect to the issue of validity.

7. Since the Marrins' and Etch-It, Inc.'s evidence on the issues of anticipation and inherency is, in essence, unopposed by either the Griffins' arguments or the Griffins' expert opinion, there is no genuine issue as to any material fact, and the Marrins and Etch-It, Inc. are thus entitled to judgment as a matter of law based upon their evidence on these issues.

8. Each of claims 1-4 of the '448 patent are invalid under 35 U.S.C. §102(b) as being anticipated by one or more of US4241943 to

        Malinovitz, US4637635 to Levine, US2523650 to Dickson, US4095824 to Bachman, US4508513 to Donovan, US4900617 to Smith, US4299637 to Oberdeck, and US4536218 to Gamho.

9. The accused products do not infringe any of claims 1-4 of the '448 patent by virtue of invalidity of the '448 patent.

10. Since the Court found all claims anticipated by the prior art, the Court did not rule as to any alleged secondary considerations of obviousness, and did not make a final ruling as to obviousness of the claims over the prior art.

Dated at Los Angeles, California, this 4th day of September, 2008.

By: _____
Honorable George Wu
District Court Judge

<pre>
1                                    Respectfully submitted,

2
    Dated:  September 3, 2008        By:  /s/Robert D. Fish
3                                         ─────────────────────────
                                          ROBERT D. FISH, ESQ
4                                         FISH & ASSOCIATES, PC
                                          2603 Main Street, Suite 1050
5                                         Irvine, CA 92614
                                          Phone: (949) 253-0944
6                                         Fax: (949) 253-9069

7
                                          Attorneys for Plaintiffs (239)
8                                         MICHAEL MARRIN, an individual, and
                                          ETCH-IT, INC., a California corporation.
9
                                          Attorneys for Defendants (2100)
10                                        HEIDI MARRIN, an individual ;
                                          MICHAEL MARRIN, an individual; and
11                                        ETCH-IT, INC., a California corporation,

12

13

...

25
</pre>